*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CAROL ANN BOAK,

        Defendant-Appellant.

UNPUBLISHED
June 3, 2021

No. 340201
Clinton Circuit Court
LC No. 16-009711-FH

Before: SHAPIRO, P.J., and JANSEN and BECKERING, JJ.

BECKERING, J. (*concurring*).

After a careful review of the record, including the presentence report and sentencing transcript, I concur with the majority opinion affirming defendant's sentence. The record fully supports the trial court's finding of no confidence as to whether defendant is at low risk of re-offending. It supports the trial court's finding that defendant's crimes upon the two young victims, aged two and nine at the time of the offenses, were "heinous." It supports the trial court's concern that defendant, who was living a "double-life" during the predatory sexual crimes on children for which she was convicted, would do so again, requiring deterrence of her conduct and would serve to deter similar conduct by others. The record also fully supports the trial court's interpretation of defendant's statements in the presentence report and at trial as not truly accepting personal responsibility for her own conduct and her own decisions, such that it called into serious doubt defendant's ability to be rehabilitated and the public's ability to be safe around her. Moreover, the trial court referenced the nine-year-old victim's impact statement made at the codefendant's sentencing and her guardian's statement at defendant's sentencing, both of which highlighted the victim's trauma and the impact the offense has had on her life. As a result, the record supports the trial court's conclusion that a sentence within the guidelines would not be reasonable or just under the presenting circumstances. See *People v Dixon-Bey*, 321 Mich App 490, 525 n 9; 909 NW2d 458 (2017) (stating that other factors a court can consider to determine whether the sentencing guidelines are proportionate to the offense include the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation) (quotation marks and citations omitted).

While the trial court did not detail how it selected a sentence of 12 years out of a maximum of 20 years for Count I, it did state that it did so for all of the reasons the court concluded that a sentence within the minimum guidelines range was neither reasonable nor just. See *People v Babcock*, 469 Mich 247, 260 n 14; 666 NW2d 231 (2003) (explaining that while determining a sentence, a court is not required to "explain why it chose a twelve-month departure as opposed to an eleven-month departure," rather, the court is required is explain why the departure is justified). Considering the circumstances present in this case, I find no abuse of discretion on the part of the trial court. The trial court correctly considered the calculated guidelines, and then applied the principle of proportionality, by thoroughly analyzing "the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse (Steanhouse II)*, 500 Mich 453, 460; 902 NW2d 327 (2017) (quotation marks and citation omitted). See also *People v Walden*, 319 Mich App 344, 355; 901 NW2d 142 (2017) (stating that "[g]reater trial court discretion constricts an appellate court's wherewithal to find an abuse of discretion"). Consequently, I agree with the majority opinion to affirm the trial court's sentences in this case.


/s/ Jane M. Beckering